## SUPERIOR COURT.

### NOVEMBER TERM, 1845.

### CORAM OAKLEY, J.

### DELLINGER *against* CRABTREE and others.

Judgment on any of the counts, in a declaration on demurrer, by any one of several defendants, enures to the benefit of all.

The builder's certificate of ownership of a vessel in himself and several others at the time of her launch, is no evidence of such fact against them.

ASSUMPSIT. The declaration contained two counts, one being a special count, and the other the common money count.

There were several defendants, some of whom had joined issue on both counts, and others who had demurred to the special count, and had obtained judgment on that count in their favor, and had joined issue on the common counts alone.

*Bidwell,* for certain of the defendants, who had joined issue on both counts, insisted that, as to them, both counts must be considered open on the record.

*Anthon, contra.*

OAKLEY, J. Judgment having passed in favor of certain

of these defendants on a demurrer to the first count, that count must be considered as disposed of as to all the defendants. The cause must, therefore, proceed on the common counts.

In the progress of the trial, it became necessary to show that the defendants were owners of the ship Hottinguer at the time she was launched, and for this purpose the plaintiff produced the register clerk, at the custom-house, with the documents on file there.   These consisted of the builder's certificate and the master's oath, (the builder and master being also part owners,) and the register granted upon these documents, under which papers she had made several voyages.

*Anthon*, for the plaintiff, insisted that although the register in ordinary cases had been ruled to be insufficient evidence, still, in the case of a newly built vessel, the documents required by law, to admit her to registery, ought to be received, from the necessity of the case, as, at least, *prima facie* evidence of ownership.   That it was quite impossible, in this instance, when the builder was part owner, and perhaps equally so in all other cases, to prove the fact otherwise.

OAKLEY, J.  I cannot perceive the difference between this and ordinary cases.   The register cannot be received in any case as proof of ownership.   Whatever doubts may have heretofore existed on this point, it must not be considered settled.(1)

Plaintiff submitted to a non-suit.

(1) *Tinkler* v. *Wadpole*, (14 East, 226,) where the subject is fully discussed; and also *Smith* v. *Smith*, 1 Sandf. S. C. Rep. 209, acc.; *Frazer* v. *Hopkins*, 2

Dellinger v. Crabtree and others.

*Anthon*, for plaintiff.

*Bidwell*, *O'Conner*, *Foot* and *Cram*, for defendants.

Camp. N. P. 170, acc.; *Stokes* v. *Came et al.*, ib. 339, *e con.*; *Wendover* v. *Hogeboom*, *ante* and note.

If the name of a party defendant is inserted in the register, with his privity and assent, and, more especially, is accompanied by his oath, this will, no doubt, be *prima facie* evidence to charge him, but by no means conclusive, because the title may have passed out of him, in the interval, by bill of sale, although the register may have remained unaltered. Bailey, J., in *Tinkler* v. *Walpole*, seems to think that a register so obtained will be *prima facie* evidence for him that he is owner, because he thereby challenges all persons that he is so. This, however, may well be considered extremely doubtful.